## DEESE v. METROPOLITAN CASUALTY CO.

### No. 6113.

Court of Appeal of Louisiana. Second Circuit.

May 3, 1940.

W. T. Holloway, of Jonesboro, for appellant.

H. W. Ayres, of Jonesboro, for appellee.

HAMITER, Judge.

Plaintiff, who served as janitor and jailer in the old courthouse in Jonesboro, Louisiana, was involved in an accident during the month of September, 1938, while storing drums of soap and disinfectant. The storage rack broke during the operations, and one of the drums, weighing approximately 550 pounds, rolled against and on him.

He sues on an insurance policy written by defendant company, asking judgment for $300. This represents the total amount of his claims for alleged disability, statutory penalties and attorney's fees.

The petition recites that as a result of the accident "the ligaments, muscles, nerves, tendons, etc., in and about the area of the lower part of the body and back were strained, sprained, bruised, lacerated, broken and torn as well as in the area of his shoulder, neck and head, and knocking two teeth out."

Defendant denies the material allegations of the petition; and it avers that the policy, under which plaintiff claims, lapsed in August, 1938, and was not in force and effect when the alleged injury took place.

Judgment was rendered by the district court in plaintiff's favor for $73.50. Defendant appealed suspensively. Appellee has answered the appeal requesting that the amount of the judgment be increased to $300.

The aforementioned policy, which was written July 14, 1938, provides for the payment of monthly premiums. The one due for the month of August was not paid. On September 14, 1938, defendant's authorized agent collected a premium, and this served to reinstate the lapsed policy.

The contract insures against "the effects resulting directly and exclusively of all other causes, from bodily injury sustained during the life of this policy solely through external, violent and accidental means * * *"; and provides for accident indemnity of $75.00 per month where total disability results.

When the policy is reinstated, as was done here, only those accidental injuries occurring after the reinstatement are covered.

■ It is defendant's contention that the accident happened on September 13, 1938, while the policy was lapsed and before reinstatement; and it points to and relies on a proof of loss, which was one of three filed by plaintiff in connection with the claim, giving that date. The testimony in the record, introduced under appropriate allegations, is convincing that plaintiff was injured on September 17, 1938, while the policy was effective; and that the date shown in the first report was incorrectly listed. The witnesses, in fixing the correct time, refer to a session of the grand jury that ended just prior to the injury.

■ The medical testimony discloses that following the accident plaintiff suffered with and was treated for hemorrhoids and a strained back, and was totally disabled to attend to his work. A hemorrhoidal condition, the doctors state, is caused by blood clots forming in the veins of the rectum and may result from either a strain or constipation. All testimony relating to the existence of hemorrhoids was objected to by defense counsel, when offered, on the grounds that the pleadings were not sufficient to admit its introduction. The trial judge allowed it to be introduced subject to the objection; and in this court error as to that ruling is assigned. It is unnecessary for us to pass on this question of admissibility of evidence, for we find that the strained back, which the physicians say existed and resulted from the accident, was alone sufficient to provide the disability complained of; and this physical abnormality was covered by the above quoted allegations of the petition.

Our most difficult task in this matter is in determining the extent of the disability. The basis of the district court's award of $73.50 is not known by us.

There is some testimony in the record that plaintiff was disabled for a period of two months, but the medical proof is not corroborative of it. Dr. Blume, who was one of the attending physicians, executed a preliminary report on October 5, 1938. Therein he stated that the duration of disability was fifteen days. This fifteen-day period, when considered in connection with the date of the accident, or September 17, 1938, ended on October 2, 1938, or prior to the date of the report's execution. If disability was continuing and existing when that document was signed, certainly the physician would have so stated. Then, too, in the third proof of loss, signed on October 12, 1938, by both Dr. Blume and the plaintiff, it was stated that the disability began September 17, 1938, and ended October 1, 1938.

■ Consequently, and in view of the information furnished by the mentioned two documents, we must and do hold that plaintiff was disabled for a period of not more than 15 days, and that he is entitled to recover only one-half of a month's indemnity, or $37.50.

■ The statutory penalties and attorney's fees cannot be allowed plaintiff. Reasonable grounds for defendant's contesting the claim were afforded by the incorrectly executed first proof of loss.

The judgment, therefore, is amended by reducing plaintiff's award to $37.50, and, as amended, it is affirmed. The costs of this appeal shall be paid by plaintiff.